UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES MAPP, *Plaintiff*, v. CITY COLLEGES OF CHICAGO DISTRICT NO. 508; and RICHARD WILLIAMS, in his individual and official capacities, *Defendants*. | Case No. **COMPLAINT** **Injunctive Relief Sought** |

Plaintiff Charles Mapp alleges the following:

## INTRODUCTION

1. Mapp brings this action to enforce his rights under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, as amended, and the Department of Justice's implementing regulation, 28 C.F.R. Part 35, against City Colleges of Chicago District No. 508 ("CCOC") because CCOC violated the ADA and its implementing regulations by excluding Mapp the benefits of its services, programs and activities, and by subjecting Mapp to discrimination on the basis of his disability.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. This action involves a federal law claim brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201–2202 and Fed R. Civ. P. 57.

3. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal ju-

risdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Mapp is a resident of the city of Chicago, Illinois. Mapp is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131. Mapp suffers from, and all times relevant hereto has suffered from, total blindness, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Mapp's blindness substantially limits major life activities, including seeing.

5. CCOC is a public college located in Chicago, Illinois, and is a "public entity" within the meaning of 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA and its implementing regulations, 28 C.F.R. Part 35.

6. Richard Williams is math professor who teaches at Malcom X college. On information and belief, Williams is a resident of Chicago, Illinois.

## FACTS

7. CCOC is a system of seven community colleges located in Chicago, Illinois. This case concerns Malcom X College ("Malcom X"). Malcom X is one of the seven community colleges operated by CCOC and is located at 1900 W. Van Buren Street, Chicago, IL 60612. Malcom X has an enrollment of nearly 16,000 credit and non-credit students.

8. Mapp enrolled at CCOC in the fall semester of 2014. His classes that semester included reading skills and english composition. He received an "A" and "B", respectively, in those classes. CCOC's Disability Access Center provided Mapp with a classroom assistant, Victor Cole, who accompanied Mapp to classes and assisted Mapp in participating in those classes.

9. In the subsequent spring semester, which started in January 2015, Mapp enrolled in a math class at Malcom X, "Beginning Algebra With Geometry" ("Beginning Algebra"). Victor Cole, who had successfully assisted Mapp in other classes, was assigned to assist Mapp in this class.

10. Williams was the professor assigned to teach Beginning Algebra.

11. Mapp attended the first and second days of class and did not experience any difficulty in participating in the class.

12. Yet, after the second day of class, Williams pulled Mapp aside in the hallway and informed Mapp that Mapp should drop out of the class because Mapp was blind.

13. It is Mapp's understanding that Williams did not want to have to deal with the logistics of teaching a person who is blind, despite the fact that Mapp repeatedly indicated that Victor Cole, who was present during this conversation, could provide Mapp with the assistance he needed to succeed in the class.

14. Despite Mapp's insistence, Williams made it clear to Mapp that he was not welcome in the class.

15. Williams' only objection to Mapp's continued enrollment in the class was the fact that Mapp is a person who is blind.

16. As a result of Williams' hostility, Mapp was forced to drop Beginning Algebra from his schedule.

17. Mapp was subsequently informed by CCOC that he would need to take a different class, that was completely unrelated to his educational program, or he would lose his financial aid and not be able to stay in college. Mapp had no interest in the unrelated class, but he nevertheless enrolled in it so that he could stay in college.

18. Mapp voiced his concerns to his advisor, Ms. Gibson, and CCOC Dean of Office of Instruction, Kimberly Hollingsworth. To date no corrective actions have been taken.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12132

19. Mapp respectfully incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

20. Defendants' refusal to allow Mapp to participate in Beginning Algebra, for the sole reason that he is blind:

21. Excludes Mapp, a qualified person with a disability, from participation in and denies him the benefits of the services, programs or activities of a public entity;

22. Does not afford Mapp, a qualified individual with a disability an opportunity to participate in or benefit from the services, programs, or activities of a public entity that is equal to that afforded others; and

23. Fails to make reasonable modifications in policies, practices, and procedures when the modifications are necessary to avoid discrimination against Mapp on the basis of him disability.

**WHEREFORE**, Mapp prays that the Court grant the following relief:

a. Grant judgment in favor of Mapp on his complaint and declare that Defendants have violated Title II of the ADA, 42 U.S.C. § 12131–34 and its implementing regulations;

b. Enter a permanent injunction requiring defendant to remedy the ADA violations alleged herein;

c. Enter a permanent injunction requiring defendant to allow full participation by individuals with mobility disabilities in all classroom activities;

d. Enjoin Defendants from engaging in any act or practice that discriminates against any student on the basis of disability in violation of Title II of the ADA;

e. Award compensatory damages and injunctive relief to Mapp as would fully compensate him for injuries caused by CCOC's discriminatory conduct;

f. Award Mapp him reasonable attorneys' fees, litigation expenses, and costs of suit as provided by law; and

g. Award Mapp such other additional relief as justice may require.

DATED: April 30, 2015           /s/ John L. Steele
John L. Steele (# 6292158)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154