**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES MAPP, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-03800 |
| v. | ) | |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| COMMUNITY COLLEGE DISTRICT | ) | |
| NO. 508, | ) | |
| Defendant. | ) | |

**DEFENDANT CITY COLLEGES OF CHICAGO'S ANSWER TO PLAINTIFF'S**
**COMPLAINT**

Defendant, Board of Trustees of Community College District No. 508, d/b/a as City Colleges of Chicago ("City Colleges"), by and through its attorney, Eugene Munin, General Counsel, and Assistant General Counsel Alexandra C. Relias, answers Plaintiff's complaint as follows:

1.      Mapp brings this action to enforce his rights under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, as amended, and the Department of Justice's implementing regulation, 28 C.F.R. Part 35, against City Colleges of Chicago District No. 508 ("CCOC") because CCOC violated the ADA and its implementing regulations by excluding Mapp the benefits of its services, programs and activities, and by subjecting Mapp to discrimination on the basis of his disability.

**ANSWER**:    **Defendant City Colleges admits Plaintiff brings this action under Title II of the ADA, but denies that City Colleges violated the ADA or any other law, statute, or ordinance.**

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. This action involves a federal law claim brought pursuant to Title II of the Americans with Disabilities Act,

1

42 U.S.C. §§ 12131–12134. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201–2202 and Fed R. Civ. P. 57.

**ANSWER**:    **Defendant City Colleges admits the allegations in paragraph 2.**

3.      Venue in this judicial district is proper because Defendants are located and trans-act business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

**ANSWER**:    **Defendant City Colleges admits that venue is proper.**

## PARTIES

4.      Mapp is a resident of the city of Chicago, Illinois. Mapp is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131. Mapp suffers from, and all times relevant hereto has suffered from, total blindness, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Mapp's blindness substantially limits major life activities, including seeing.

**ANSWER**:    **Defendant City Colleges admits the allegations in paragraph 4.**

5.      CCOC is a public college located in Chicago, Illinois, and is a "public entity" within the meaning of 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA and its implementing regulations, 28 C.F.R. Part 35.

**ANSWER:**    **Defendant City Colleges admits the allegations in paragraph 5.**

6.       Richard Williams is math professor who teaches at Malcolm X College.[1] On information and belief, Williams is a resident of Chicago, Illinois.

**ANSWER**:    **Defendant City Colleges admits the allegations in paragraph 6.**

## FACTS

---

[1] In the Complaint, Plaintiff incorrectly spells Malcolm X College as "Malcom X College." *See* Compl. In its Answer, Defendant has corrected the improper spelling.

7.      CCOC is a system of seven community colleges located in Chicago, Illinois. This case concerns Malcolm X College ("Malcolm X"). Malcolm X is one of the seven community colleges operated by CCOC and is located at 1900 W. Van Buren Street, Chicago, IL 60612. Malcolm X has an enrollment of nearly 16,000 credit and non-credit students.

**ANSWER**:      **Defendant City Colleges admits the allegations in paragraph 7.**

8.      Mapp enrolled at CCOC in the fall semester of 2014. His classes that semester included reading skills and english composition. He received an "A" and "B", respectively, in those classes. CCOC's Disability Access Center provided Mapp with a classroom assistant, Victor Cole, who accompanied Mapp to classes and assisted Mapp in participating in those classes.

**ANSWER**:      **Defendant City Colleges admits the allegations in paragraph 8.**

9.      In the subsequent spring semester, which started in January 2015, Mapp enrolled in a math class at Malcom X, "Beginning Algebra With Geometry" ("Beginning Algebra"). Victor Cole, who had successfully assisted Mapp in other classes, was assigned to assist Mapp in this class.

**ANSWER**:      **Defendant City Colleges admits the first sentence in paragraph 9. Defendant denies that Victor Cole was assigned as Mapp's note taker in Beginning Algebra, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9.**

10.      Williams was the professor assigned to teach Beginning Algebra.

**ANSWER:**      **Defendant City Colleges admits the allegations in paragraph 10.**

11.      Mapp attended the first and second days of class and did not experience any difficulty in participating in the class.

**ANSWER**:      **Defendant City Colleges admits that Mapp attended the first and second**

**days of class but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11.**

12.     Yet, after the second day of class, Williams pulled Mapp aside in the hallway and informed Mapp that Mapp should drop out of the class because Mapp was blind.

**ANSWER:     Defendant City Colleges denies the allegations in paragraph 12.**

13.     It is Mapp's understanding that Williams did not want to have to deal with the logistics of teaching a person who is blind, despite the fact that Mapp repeatedly indicated that Victor Cole, who was present during this conversation, could provide Mapp with the assistance he needed to succeed in the class.

**ANSWER:     Defendant City Colleges lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.**

14.     Despite Mapp's insistence, Williams made it clear to Mapp that he was not welcome in the class.

**ANSWER:     Defendant City Colleges denies the allegations in paragraph 14.**

15.     Williams' only objection to Mapp's continued enrollment in the class was the fact that Mapp is a person who is blind.

**ANSWER:     Defendant City Colleges denies the allegations in paragraph 15.**

16.     As a result of Williams' hostility, Mapp was forced to drop Beginning Algebra from his schedule.

**ANSWER:     Defendant City Colleges denies the allegations in paragraph 16.**

17.     Mapp was subsequently informed by CCOC that he would need to take a different class, that was completely unrelated to his educational program, or he would lose his financial

aid and not be able to stay in college. Mapp had no interest in the unrelated class, but he nevertheless enrolled in it so that he could stay in college.

**ANSWER**:     **Defendant City Colleges denies the allegations in paragraph 17.**

18.     Mapp voiced his concerns to his advisor, Ms. Gibson, and CCOC Dean of Office of Instruction, Kimberly Hollingsworth. To date no corrective actions have been taken.

**ANSWER**:     **Defendant City Colleges admits the first sentence of paragraph 18, and denies that second sentence in paragraph 18.**

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12132

19.     Mapp respectfully incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

**ANSWER**:     **Defendant City Colleges re-incorporates its answers to the foregoing paragraphs of Plaintiff's complaint.**

20.     Defendants' refusal to allow Mapp to participate in Beginning Algebra, for the sole reason that he is blind:

**ANSWER**:     **Defendant City Colleges denies the allegations in paragraph 20.**

21.     Excludes Mapp, a qualified person with a disability, from participation in and denies him the benefits of the services, programs or activities of a public entity;

**ANSWER**:     **Defendant City Colleges admits that Mapp is a qualified person with a disability, but denies the remaining allegations in paragraph 21.**

22.     Does not afford Mapp, a qualified individual with a disability an opportunity to participate in or benefit from the services, programs, or activities of a public entity that is equal

to that afforded others; and

**ANSWER**: **Defendant City Colleges admits that Mapp is a qualified person with a disability, but denies the remaining allegations in paragraph 22.**

23. Fails to make reasonable modifications in policies, practices, and procedures when the modifications are necessary to avoid discrimination against Mapp on the basis of him disability.

**ANSWER**: **Defendant City Colleges denies the allegations in paragraph 23.**

**WHEREFORE**, Mapp prays the Court grant the following relief:

a. Grant judgment in favor of Mapp on his complaint and declare that Defendants have violated Title II of the ADA, 42 U.S.C. 12131-34 and its implementing regulations:

b. Enter a permanent in junction requiring defendant to remedy the ADA violations alleged herein;

c. Enter a permanent injunction requiring defendant to allow full participation by individuals with mobility disabilities in all classroom activities;

d. Enjoin Defendants from engaging in any act or practice that discriminates against any student on the basis of disability in violation of Title II of the ADA;

e. Award compensatory damages and injunctive relief to Mapp as would full compensate him for injuries caused be CCOC's discriminatory conduct;

f. Award Mapp [sic] him reasonable attorneys' fees, litigation expenses, and costs of suit as provided by law; and

g. Award Mapp such other relief as justice may require.

**ANSWER:** **Defendant City Colleges denies that it violated the ADA or any other law, statute or ordinance and further denies that Plaintiff is entitled to the requested relief.**

**JURY DEMAND**

Defendant demands a trial by jury.

6

**WHEREFORE,** Defendant City Colleges of Chicago prays that this Court enter judgment in its favor on Plaintiff's complaint, award Defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.


DATED:  June 18, 2015

Respectfully submitted,

BOARD OF TRUSTEES OF COMMUNITY
COLLEGE DIST. NO. 508


By:     */s/ Alexandra C. Relias*
        ALEXANDRA C. RELIAS
        Assistant General Counsel


City Colleges of Chicago
Office of the General Counsel
226 W. Jackson Blvd., 14th Fl.
Chicago, IL 60606
(312) 553-2803 (p)
(312) 553-2539 (f)
arelias@ccc.edu