IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 CV 03800 |
| | ) | |
| BOARD OF TRUSTEES OF COMMUNITY | ) | Judge Shadur |
| COLLEGE DISTRICT NO. 508 d/b/a | ) | |
| CITY COLLEGES OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFF'S VIOLATION OF
RULE 30(B) PURSUANT TO RULE 37(A)**

Defendant, Board of Trustees of Community College District No. 508 d/b/a City Colleges of Chicago ("City Colleges"), moves this court to issue appropriate sanctions for Plaintiff's failure to provide notice of a deposition of a City Colleges employee, taken on May 27, 2015, in violation of Federal Rule of Civil Procedure 30(b)(1).

**FACTUAL BACKGROUND**

Plaintiff, Charles Mapp, brings a claim under Title II of the Americans with Disabilities Act against City Colleges, where he is currently enrolled as a student. *See* Doc. No. 1, Pl.'s Compl. Pursuant to this court's initial scheduling order dated May 28, 2015, the parties held a Rule 26(a) discovery conference on June 16, 2015. The parties agreed to exchange Rule 26(a) Disclosures by July 1, 2015, and Plaintiff indicated that he would send Defendant a settlement demand. On June 22, 2015, Plaintiff issued Defendant a settlement demand. With the demand, Plaintiff also sent Defense Counsel a deposition transcript of City Colleges' employee Victor Cole, with this case's caption appearing on the front cover, taken on May 27, 2015, and transcribed by Thompson Court Reporters. *See* Cole Deposition Transcript attached as Exhibit 1.

1

Though Defense Counsel filed her appearance on May 18, 2015 (*see* Doc. No. 5), Defendant did not receive notice of the deposition of Mr. Cole, and therefore, was not present at the deposition. Ex. 1.

The transcript indicates that the certified court reporter, Susan J. Gardner, swore in the witness and Plaintiff's counsel, John Steele, proceeded to orally question him. *See e.g.* Ex. 1. Mr. Steele advised the witness of guidelines to answering the questions so that the court reporter could transcribe the proceedings, and asked if Cole was under the influence of any substance that would affect his ability to testify truthfully. *Id*. at p. 5. Plaintiff's counsel then questioned Cole regarding the allegations in Plaintiff's Complaint. *Id*. at p. 5-19. At the conclusion of the questioning, Plaintiff's counsel advised Cole that he has the right to review the transcript, and Cole waived signature of the transcript. *Id*. at p. 19-20. Plaintiff's counsel then stated "this deposition is concluded." *Id*. at. p. 20. The transcript is certified by court reporter Gardner. *Id*. at p. 20.

On June 23, 2015, Defense Counsel sent a letter to Plaintiff's counsel addressing Plaintiff's violation of Rule 30(a), pursuant to Rule 37(a), and asked that Plaintiff agree to strike the Cole deposition transcript from the record and not use the transcript further in these proceedings. *See* 6.23.15 letter from Defendant, attached as Exhibit 2. Defense Counsel also advised Plaintiff that the taking of Cole's deposition was also improper as this Court did not enter its initial scheduling order until May 28, 2015, and at the time of Cole's deposition, discovery had not been opened, and there was a motion to dismiss pending before the court. *Id*.

Plaintiff's counsel responded later that day stating that he "was not aware of any depositions conducted in this case" and that the transcript is Cole's "sworn statement" not a deposition. *See* e-mail correspondence, attached as Group Exhibit 3. Defense counsel responded

that the oral questioning of Mr. Cole was a deposition under Rule 30 as the transcript was certified by a court reporter pursuant to Rule 30(f), and the witness was advised of his right to review the transcript pursuant to Rule 30(e), and that Plaintiff's counsel, himself, refers to the proceeding as a "deposition" twice in the transcript. See Gr. Ex. 3, Ex. 1, at 19:20-21; 20:13. Nevertheless, Plaintiff's counsel again denied that his oral questioning of Cole constituted a deposition under Rule 30. *Id.* Defense counsel called Plaintiff's counsel on June 24, 2015, to further discuss the matter pursuant to Local Rule 37.2. As of the filing of this motion, Plaintiff's counsel has not returned Defense counsel's call.

## LEGAL ARGUMENT

Plaintiff violated Federal Rule of Civil Procedure 30 when he deposed City Colleges' employee Victor Cole without providing notice to the Defendant. Rule 30(B)(1) states:

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition, and if known, the deponent's name and address.

FRCP 30(B)(1). Here, Plaintiff did not provide Defendant any notice that he was deposing one of its employees, let alone "reasonable written notice" as required by the rule. *Id*. Further this deposition was taken prior to this Court's issuance of its initial scheduling order, and while a motion to dismiss was pending. *See* Doc. Nos. 7-9.

In Rule 37 discussions, Plaintiff has claimed that the May 27, 2015 oral examination of Mr. Cole was not a deposition under Rule 30, but a "sworn statement" and therefore, no notice had to be given to the Defendant. *See* Gr. Ex. 3. Plaintiff's claim is not supported by the transcript of the proceedings on May 27, 2015. As the transcript evidences, the witness was orally questioned by Plaintiff's counsel regarding the allegations of the complaint, and did not merely make an oral statement. *See e.g*. Ex. 1. Further, the witness was advised by Plaintiff's

counsel that he had the right to review the transcript as required for all depositions under Rule 30(e), and the transcript was certified by the court reporter pursuant to Rule 30(f). *Id*. at 19:22-20:12; 21. Finally, Plaintiff's counsel refers to the proceedings as a "deposition" on two occasions in the transcript. *Id.* at 19:20-21; 20:13. Plaintiff's oral examination of Mr. Cole constituted a deposition under Rule 30, and as such, Plaintiff was required to provide Defendant with proper notice.

WHEREFORE, as Plaintiff violated Rule 30 by deposing a City Colleges employee without providing notice to City Colleges, Defendant respectfully requests that the May 27, 2015 deposition transcript of Victor Cole be stricken and not used further in these proceedings. Defendant also respectfully requests that Plaintiff be admonished that he is required to provide reasonable written notice prior to deposing any additional witnesses in this matter, and any further relief that the Court deems just.

DATED: June 29, 2015

                Respectfully submitted,

                BOARD OF TRUSTEES OF COMMUNITY
                COLLEGE DISTRICT NO. 508


                By: *s/Alexandra C. Relias*
                   ALEXANDRA C. RELIAS
                   Assistant General Counsel

City Colleges of Chicago
Office of the General Counsel
226 West Jackson Boulevard
Chicago, Illinois 60606
Phone: (312) 553-2803
arelias@ccc.edu

4