# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES MAPP,<br><br>        *Plaintiff*,<br><br>v.<br><br>CITY COLLEGES OF CHICAGO DISTRICT NO. 508; and RICHARD WILLIAMS, in his individual and official capacities,<br><br>        *Defendants*. | Case No. 1:15-cv-03800<br><br>Hon. Milton I. Shadur |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFF'S VIOLATION OF RULE 30(B) PURSUANT TO RULE 37(A)

Plaintiff Charles Mapp respectfully opposes Defendant Board of Trustees of Community College District No. 508 d/b/a City Colleges of Chicago's Motion for Sanctions for Plaintiff's Violation of Rule 30(B) Pursuant to Rule 37(A) ("Motion for Sanctions").

Defendant's Motion for Sanctions is a canard. Defendant alleges that Plaintiff took an improper deposition. But Defendant is the only party that asserts the statement in question is a deposition. Plaintiff contends it took a witness statement, which is a very, very ordinary step in civil litigation.

If there was any doubt about the character of Plaintiff's witness statement, it should have been cleared up in the correspondence between counsel for the parties. In this correspondence, Plaintiff's counsel repeatedly made it clear that it did not consider Mr. Cole's witness statement to be an admissible deposition. A review of the correspondence attached to Defendant's motion makes this point clear. It appears that Defendant is unilaterally recharacterizing Plaintiff's

witness statement as a deposition (even though Plaintiff disputes that characterization) for the sole purpose of creating a sanctions controversy before the Court.

Out of an abundance of caution, it is true that counsel for Plaintiff mistakenly used the term 'deposition' in his conclusory statement at the end of the recording. Importantly, at the outset of the witness statement, Plaintiff's counsel referred to the proceedings as a "sworn statement," rather than a deposition. If the Court has any questions it may review Mr. Cole's witness statement, which is attached hereto as an Exhibit.

In any event, it really does not matter how the Court characterizes Mr. Cole's witness statement. The bottom line is that Mr. Cole's witness statement is not admissible as evidence since it was not procured according to the Federal Rules of Civil Procedure applicable to depositions. That is it. There is no reason or basis in law for the Court to admonish Plaintiff for doing what diligent attorneys do in any civil case, *i.e.* secure witness statements; there is also no basis for this Court to strike Mr. Cole's witness statement from the record, as Plaintiff has not even attempted to introduce Mr. Cole's witness statement into the record. In effect, Defendant is asking this Court to issue an advisory opinion on how it will rule on the admissibility of Mr. Cole's witness statement in the unlikely event that Plaintiff attempts to admit it into evidence, which Plaintiff's counsel has told counsel for the Defendant he has no intention of dong.

As the risk of belaboring the point: Mr. Cole's witness statement was taken as part of very routine due diligence. Plaintiff intends to formally depose Mr. Cole in the future, at which point Plaintiff will provide notice to Defendant in accordance the Federal Rules of Civil Procedure applicable to depositions. There is nothing improper or out-of-the-ordinary about taking witness statements early on in a case to determine what witnesses will be worth deposing

and/or bringing before the fact finder. The fact that Mr. Cole's witness statement undermines Defendant's defense on the merits is not a basis for the Court to admonish Plaintiff.

For all of the reasons stated above Plaintiff respectfully opposes Defendant's Motion for Sanctions and respectfully requests that the Court award Plaintiff its costs and fees incurred in opposing it.

DATED: June 30, 2015 	Respectfully submitted,

/s/ John Steele
John L. Steele (# 6292158)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154