UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLLIE FRANKLIN JR., <br><br> *Plaintiff*, <br><br> v. <br><br> KARYN'S COOKED INC., and 738 NORTH WELLS BUILDING LLC, <br><br> *Defendants*. | Case No. 1:15-cv-07716 <br><br> Circuit Court No. 2015-L-007234 |

**PLAINTIFF OLLIE FRANKLIN JR.'S OPPOSITION TO DEFENDANT KARYN'S COOKED INC. AND 738 NORTH WELLS BUILDING LLC'S MOTION FOR REASSIGNMENT PURSUANT TO LOCAL RULE 40.4**

Plaintiff Ollie Franklin respectfully opposes Defendants' Motion for Reassignment.

**I.     Standard of Review.**

In general, this Court's rules regarding the assignment and reassignment of cases are construed to secure an equitable distribution of cases, both in quality and kind, among the judges of this District. L.R.40.1(a). To this end, this Court has used a random assignment system for more than 50 years. L.R.40.1(g). An improper attempt to manipulate the random judicial assignment system is a contemnable offense. L.R.40.1(g); LR.40.1(c).

An exception to the general rule of random assignment exists where two or more cases are "related." L.R.40.4. Two or more civil case are related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is the or are the same. L.R.40.4(b).

- 1 -

If a civil case is found to be related to an earlier-numbered case, a motion may be brought to reassign that civil case to the judge assigned to the earlier-numbered case if four criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. L.R.40.4(b).

A motion to reassign a case should not be brought until after the answer or motions in lieu of answer have been filed in each of the proceedings involved so that all parties to a proceeding are permitted to respond on the questions of relatedness and possible reassignment. L.R. 40.4(c).

**II.** **Argument.**

Defendants' motion should be denied because: (1) the standard for relatedness is not satisfied; (2) the standard for reassignment is not satisfied; and (3) Defendants' motion is premature.

**A.** **The Standard for Relatedness Is Not Met.**

Defendants argue that the standard for relatedness is met because the cases listed in Defendants' motion involve some of the same issues of fact or law. Specifically, Defendants identify the issues of whether: whether a plaintiff has standing; whether plaintiffs made a reasonable inquiry as to whether the defendants were compliant with the ADA; and what fees "Attorney Steele is entitle [sic] to" if there is a violation and the plaintiff has standing. Def.'s Mot. at 3.

Defendants' argument strongly suggests that they failed to read the complaint in the case currently pending before this Court: *Mapp v. City Colleges of Chicago*, No. 1:15-cv-03800 (N.D.

Ill. filed on Apr. 30, 2015). In the *Mapp* case, plaintiff Charles Mapp, who is blind, is suing the City Colleges of Chicago under Title II of the Americans With Disabilities Act. In his complaint, Mapp alleges that his math professor forced Mapp out of a math class because of Mapps' blindness. Under Title II of the ADA Mapp is eligible to recover damages, in addition to attorneys'' fees. The City Colleges of Chicago has answered Mapp's complaint, but has not raised a standing defense.

In Defendants' case, plaintiff Ollie Franklin is suing a restaurant located at 738 N. Wells St. for violations of Title III of the ADA, *i.e.* a completely different Title of the ADA, for violations of the ADA's provisions applicable to public accommodations. Franklin's complaint alleges that Defendants' restaurant is associated with steps that are impassable by a person in a wheelchair, and that taking measures to eliminate these steps or provide lesser alternative accommodations is readily achievable.

No experienced practitioner would assert that the Mapp case, which was brought under Title II of the ADA and alleges discrimination on the basis of blindness, involves the same issues of fact or law with respect to an architectural barrier removal case brought under Title III of the ADA. None of the points of relatedness identified by the Defendants are common between these two cases. This Court can take judicial notice that the complaints, the legal issues, properties, and parties in 15-cv-3800 and 15-cv-7716 are entirely different than one another. Also, it is beyond debate that all the cases do not arise out of the same transactions or occurrences. The circumstances giving rise to the respective cases arose between different people, on different dates and in different locations.

Defendants attempt to impugn Plaintiff's case[1] by labeling the complaint a "boilerplate" complaint and accusing Plaintiff of seeking "modest cash settlements." Defendants seriously misunderstand Title III litigation. Plaintiff is not entitled to and is not seeking damages under his claim brought pursuant to Title III of the ADA. Instead, Plaintiff is seeking an injunction requiring Defendants to remove the architectural barrier giving rise to this lawsuit. In addition, because Title III of the ADA is a fee-shifting statute, Plaintiff will seek recover of his costs and fees to the fullest extent provided by law. Attorneys who lack experience in Title III litigation often expose their clients to six-figure liability—even in relatively straightforward barrier removal cases. *See, e.g., Gaylor v. Greenbriar of Dahlonega: Shopping Center, Inc.*, 2014 WL 2195719 (N.D. Ga. May 27, 2014) ("The Court notes that the number of hours expended by Plaintiff's counsel was largely due to Defendant's own litigious conduct" and awarding $117,201.23 in attorneys' fees under Title III of the ADA).

Defendants also cavalierly suggest that this case, and several other brought by the undersigned, "will likely result in Rule 11 sanctions if litigated...." For such a bold statement, all this Court needs to know is that Defendants have not served a Rule 11 motion on the undersigned. In other words, Defendants' counsel wants the rhetorical benefit of claiming Rule 11 violations

---

[1] Defendants' counsel's tactic of attacking the underlying motivations of a plaintiff with a disability and his counsel has been recognized and criticized by other district courts. *See, e.g.*, *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953, 958–59 (C.D. Ca. 2009) ("These arguments are representative of a troubling trend in which disability access defendants attack the motives of plaintiffs and their counsel in nearly every case brought to enforce the right to equal access guaranteed by the ADA . . . . Inasmuch as defendant seems to suggest that plaintiff's meritorious claim is annoying, difficult for business, or otherwise objectionable, that is an argument for the legislature, not the courts . . . . The persistence of plaintiffs in bringing multiple lawsuits alleging unequal access to places of public accommodation does not demonstrate wrongdoing by plaintiffs anymore than it shows a hesitation of businesses to comply with the law. As the Ninth Circuit has noted in the context of ADA litigation, 'for the ADA to yield its promise of equal access for the disabled, *it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA*.'") (emphasis added) (internal citations omitted).

without actually exposing Defendants to the penalties associated with what would inevitably be an unsuccessful Rule 11 motion. *See* Fed. R. Civ. P. 11(c)(2) (providing for an award of attorney's fees to the prevailing party). The Court should not overlook the fact that Defendants' allegation of Rule 11 violations is a naked assertion unsupported by any facts whatsoever. Thus, to understand the sincerity of Defendants' claims, this Court should not focus on what Defendants say, but instead on what Defendants do.

Defendants' counsel appears to be falling into the classic ADA misconception that goes as follows: if installing a permanent entrance ramp is not readily achievable, then a plaintiff does not have a claim. That is not how Title III of the ADA operates. If a permanent barrier removal solution is not readily achievable, then lesser measures, *e.g.* use of a temporary ramp, must be implemented. *See Synder v. Lady Slings the Booze, LLC*, 2014 WL 7366665 (W.D. Ky. 2014) (entering judgment against defendant bar and restaurant where "lesser measures" were readily achievable with respect to a step that could not be permanently ramped).

Defendants' statement that the undersigned "solicited" his clients, as that term is defined by Illinois Rule of Processional Conduct 7.3, is belied by the attached affidavit of Mary Mizerk. Defendant's counsel is merely attempting to tarnish the reputation of Counsel for Charles Mapp and his clients. More importantly, counsel for Karyn's Cooked Inc. is attempting to distract this Court from the obvious deficiencies in their own case, specifically photographic evidence of non-compliance by Karyn's Cooked Inc. under the ADA.

### B.      The Standard for Reassignment Is Not Met.

If the standard for "relatedness" was met, and it is not, Defendants would still be required to show that the four requirements for reassignment are met. The most problematic elements are the requirements that: the handling of both cases by the same judge is likely to result in a sub-

stantial saving of judicial time and efforts; and the cases are susceptible of disposition in a single proceeding. The cases proposed for reassignment involve 5 separate and unrelated Plaintiffs. Moreover, the cases listed by Defendant involve over 20 unrelated Defendants, most of whom have their own attorney. The four plaintiffs not involved in the matter before this Court object to combining their cases with the *Mapp* case.

Further, each case will present unique issues of Article III standing, legal and factual issues under Title III or Title II of the ADA and, in Title III cases, barrier removal issues. There is no possibility that each case could be disposed of in a single proceeding. There is also no clear reason for why reassignment of these unique cases would result in a substantial saving of judicial time and efforts. The only true commonality underlying these cases is the law firm who represents the plaintiffs in those cases. Surely, this Court does not want to start reassigning cases to judges on the basis of what law firm represents a party—there are probably some attorneys who, in this Court's history, would have welcomed such a system. However, such a system would be antithetical to the random selection system that has so faithfully served this Court for over 50 years and has fostered the public confidence that this Court currently and justifiably enjoys.

**B.    The Motion is Premature.**

The final problem with Defendants' motion is that it is premature. Generally, parties seeking to switch judges should wait until everyone has answered or otherwise responded. This standard is not met in several of the cases Defendants seek to reassign. This means that the defendants in the cases Defendants seek to reassign will not be provided with notice and an opportunity to be heard with respect to Defendants' motion.

## Conclusion

Defendants' Motion to Reassign should be denied.

- 7 -

DATED:  September 8, 2015

                                            /s/ John Steele
                                            John L. Steele (# 6292158)
                                            ACCESSIBILITY LAW GROUP
                                            500 Michigan Avenue, Suite 600
                                            Chicago, Illinois 60611
                                            E-mail: jsteele@accessibilitylawgroup.com
                                            Phone: (312) 396-4154